UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI BURCHETT,<br><br>    Plaintiff,<br><br>    v.<br><br>PETE'S FRESH FOODS KEDZIE CORPORATION d/b/a/ PETE'S FRESH MARKET,<br><br>    Defendant. | No. 22 C 3342<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lori Burchett ("Plaintiff") has sued Pete's Fresh Foods Kedzie Corporation d/b/a Pete's Fresh Market ("Defendant") for allegedly discriminating against her in the workplace in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). R. 1 ¶¶ 9, 12. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for untimeliness. R. 29. For the following reasons, that motion is denied.

**Background**

Plaintiff, who is acting *pro se*, alleges Defendant discriminated against her based on her age when Defendant failed to promote her, failed to stop harassment against her, and retaliated against her when she asserted her ADEA-protected rights. *Id.* ¶ 12. Plaintiff also alleges Defendant "constructed a work environment so hostile and intolerable" that she "had no other alternative but to resign on November 13, 2019." *Id.*

1

Plaintiff received her Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC") on April 4, 2022. *Id.* ¶ 8. On June 27, 2022, Plaintiff filed her Complaint and an application to proceed *in forma pauperis* (hereinafter "IFP petition"). R. 1; R. 4. The action was initially assigned to the Honorable Charles Norgle. R. 4. On June 28, 2022, Judge Norgle denied Plaintiff's IFP petition. R. 5. On July 27, 2022, Plaintiff filed a motion for reconsideration to the court's denial of her IFP petition, which Judge Norgle denied on July 28, 2022. R. 6; R. 7.

The case was reassigned to this Court on October 5, 2022. R. 8. On October 13, 2022, this Court noticed that Plaintiff had not paid the filing fee and ordered Plaintiff to pay it by November 3, 2022, or the case would be dismissed. R. 10. Plaintiff argues that this is the first time she received notice that a filing fee was due. R. 34. Plaintiff paid the fee on November 3. R. 17; R. 18. Defendant then moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) as untimely. R. 29.

## Discussion

Under Rule 12(b)(6), a court may dismiss a complaint "that is indisputably time-barred." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). In an employment discrimination suit, a plaintiff must file her complaint within 90 days of receiving a Notice of the Right to Sue from the EEOC. *Humphries v. CBOCS W., Inc.*, 343 F. Supp. 2d 670, 672 (N.D. Ill. 2004) (citing 42 U.S.C. § 2000e–5(f)(1)). It is undisputed that Plaintiff delivered her Complaint to the Clerk on June 27, 2022, which was within 90 days after receiving her EEOC Notice of Right to Sue Letter. Defendant argues, however, that Plaintiff's case should be dismissed because Plaintiff's

Complaint was not actually "filed" on June 27, 2022, but on November 3, 2022, when she paid the filing fee.

The Federal Rules of Civil Procedure provide that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The statute of limitations stops running when the complaint is filed. *Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996); *Robinson v. Doe*, 272 F.3d 921, 922–23 (7th Cir. 2001) (A complaint is considered filed for statute of limitations purposes "when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like."). When a plaintiff files a complaint with an IFP petition, the statute of limitations is tolled while the court decides the IFP petition. *See Williams-Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 164–65 (7th Cir. 1995). If the court denies the IFP petition, Local Rule 3.3(f) provides that "the clerk shall notify the plaintiff of the amount of fees due. If the required fees are not paid within 15 days of the date of such notification, or within such other time as may be fixed by the court," the judge is notified, and the court may levy sanctions. Most courts in this District have found that the statute of limitations is tolled during the period provided by Local Rule 3.3. *See, e.g.*, *Massey v. Local 743, IBT*, No. 11 C 6740, 2011 WL 4540734, at *2 (N.D. Ill. Sept. 28, 2011). The Seventh Circuit has contemplated in dicta that this is proper. *See Williams-Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995).

Here, though the Clerk notified Plaintiff that her IFP petition and motion to reconsider her IFP petition were denied, the Clerk never notified Plaintiff that the

3

filing fee was due as required under Local Rule 3.3. Because the Clerk never notified Plaintiff that a fee was due, the Court's order "fixing" November 3, 2022 as the deadline to pay the filing fee is the relevant date pursuant to Local Rule 3.3. N.D. Ill. L.R. 3.3(f) (providing that, in the alternative to the 15-day time limit, the court may fix the reasonable time by which the plaintiff must pay her filing fee after denial of an IFP petition). Plaintiff paid the filing fee within that deadline, so her Complaint is timely. *See* R. 15 (acknowledging that Plaintiff paid the filing fee on November 3, 2022).

Defendant argues that this Court should instead assume that the statute of limitations resumed upon the denial of Plaintiff's first IFP petition on June 28, 2022 such that the filing fee was due on July 5, 2022, and her payment was untimely. *See Cotton v. Wachovia Secs.*, No. 05 C 3553, 2006 WL 120055, at *2 (N.D. Ill. Jan. 12, 2006) (requiring the plaintiff to pay the fee within the resumed statute of limitations period after denial of the IFP petition). But applying this much harsher rule, as opposed to that prescribed by Local Rule 3.3, is inappropriate, given that "*pro se* litigants must be afforded 'leniency . . . on procedural matters.'" *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (quoting *Lovelace v. Dall*, 820 F.2d 223, 228 (7th Cir. 1987))).

Alternatively, the doctrine of equitable tolling saves Plaintiff's Complaint from dismissal. The 90-day statute of limitations in employment discrimination actions may be equitably tolled when circumstances warrant. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Such circumstances are limited to those such as a "good

faith error" or when a plaintiff was "prevented in some extraordinary way from filing his complaint in time" for reasons outside the plaintiff's control. *Lax v. Mayorkas*, 20 F.4th 1178, 1183 (7th Cir. 2021) (quoting *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)). But the plaintiff must otherwise "*actively* pursue[ ] his judicial remedies." *Threadgill*, 269 F.3d at 850 (emphasis in original). Here, Plaintiff, who is *pro se* and otherwise actively pursued her judicial remedies by filing her Complaint and IFP petition in a timely manner, relied on this Court's Order that she had until November 3, 2022 to pay her filing fee to avoid dismissal. R. 10. It would be inequitable to then dismiss her Complaint as untimely because she was abiding by a Court order. Therefore, this Court's order equitably tolled the statute of limitations such that Plaintiff's Complaint was timely.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss (R. 29) is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: August 3, 2023